LARA C. DE LEON (SBN 270252)
ldeleon@constangy.com
**CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP**
3420 Bristol Street, 6th Floor
Costa Mesa, CA 92626
Tel: (949) 743-3979

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TEIANNA RICHARDSON,<br><br>                Plaintiff,<br><br>        vs.<br><br>WAL-MART ASSOCIATES, INC., and DOES 1 to 100, inclusive,<br><br>                Defendants. | CASE NO:<br><br>**NOTICE OF REMOVAL BY DEFENDANT**<br><br>Complaint Filed: September 20, 2023<br>Trial Date: Not set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF TEIANNA RICHARDSON:**

PLEASE TAKE NOTICE that Defendant WAL-MART ASSOCIATES, INC. ("Walmart") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles,[1] to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal is based upon the following:

---

[1] The Superior Court of the State of California, County of Los Angeles is the improper venue for this action. This matter should have been filed in San Bernardino, California, which is where Plaintiff worked, and the balance of convenience favors that venue. Walmart therefore plans to file a Motion to Transfer Venue.

**GROUNDS FOR REMOVAL**

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

**I.       PROCEDURAL AND VENUE MATTERS**

1.       On September 20, 2023, Plaintiff TEIANNA RICHARDSON ("Ms. Richardson") initiated this action by filing a Complaint in the Superior Court of California, County of Los Angeles, entitled "*Teianna Richardson v. Wal-Mart Associates, Inc., et al*," Case No. 23STCV22788 ("State Court Action"). *See* Declaration of Lara C. de Leon ("de Leon Decl."), Ex. A.

2.       On September 29, 2023, Ms. Richardson served Walmart, by delivering to its agent for service of process, a copy of the Complaint and Summons previously filed in the State Court Action. *See* de Leon Decl. ¶ 2 and Ex. B.

3.       This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed less than one year from the commencement of this action and within 30 days after any defendant was served with a copy of the Complaint and corresponding summons.

4.       Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Walmart in this action, is attached to the de Leon Decl. as Exs. A–G.

5.       Pursuant to 28 U.S.C. § 1446(a), the foregoing exhibits constitute all process, pleadings and orders served on or received by Walmart in this action.

6.       Los Angeles County, California, is located within the U.S. District Court for the Central District of California. Venue is proper in this Court because the Central District of California, Western Division is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) and 1446(a).

NOTICE OF REMOVAL BY DEFENDNAT

Notwithstanding the fact that venue is proper for the purposes of this removal, Walmart will be filing a Motion to Transfer Venue to the Central District of California, Eastern Division consistent with 28 U.S.C. § 1404(a).

7.    Walmart will, pursuant to 28 U.S.C. § 1441(d), promptly provide written notice of the Notice of Removal's filing to the Clerk of the Los Angeles County Superior Court and Ms. Richardson.

## II.    NATURE OF THE SUIT

8.    The Complaint filed in the State Court Action alleges the following causes of action:

  a.  Discrimination in Violation of the FEHA;

  b.  Hostile Work Environment Harassment in Violation of the FEHA;

  c.  Retaliation in Violation of the FEHA;

  d.  Failure to Provide Reasonable Accommodation in Violation of the FEHA;

  e.  Failure to Engage in the Interactive Process in Violation of FEHA;

  f.  Failure to Prevent Discrimination, Harassment, or Retaliation in Violation of FEHA;

  g.  Breach of Express Oral Contract not to Terminate Employment without Good Cause;

  h.  Breach of Implied-in-Fact Contract Not to Terminate Employment without Good Cause;

  i.  Negligent Hiring, Supervisions, and Retention;

  j.  Wrongful Termination of Employment in Violation of Public Policy;

  k.  Whistleblower Retaliation (Labor Code § 1102.5; and

  l.  Intentional Infliction of Emotional Distress.

## III.    DIVERSITY JURISDICTION

9.    A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

NOTICE OF REMOVAL BY DEFENDNAT

costs, and is between citizens of different states." 28 U.S.C. § 1332(a).

10.    "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).

11.    Therefore, a state court action may be removed if the action (1) is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Each of these two requirements is met within the instant petition.

12.    **Plausible allegations.** A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 88 (2014). *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d 1059, 1068 (9th Cir. 2021); *Arias v. Residence Inn by Marriott*, 936 F. 3d 920, 922 (9th Cir. 2019). *See also Carolina Cas. Co. v. Team Equipment Inc.*, 741 F. 3d 1082, 1087–88 (9th Cir. 2014). As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112–10, p. 16 (2011)).

A.    **Requirement No. 1: Ms. Richardson is a Citizen of a Different State than Walmart.**

13.    In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*,

No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, *inter alia*, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

14.     According to the Complaint, Plaintiff "is and at all times relevant to this Complaint was, a resident of the State of California." (*See* Compl., ¶ 1, Ex. A to de Leon Decl.)  As Plaintiff attested in the Section III to the Civil Case Cover Sheet Addendum and Statement of Location filed with her Complaint, she worked in Chino, California.  (*See* Ex. C to de Leon Decl. at p. 7.)

15.     Based on Plaintiff's stated residence in California and her employment in Chino, California, Plaintiff is a citizen of California. Moreover, Plaintiff filed her Complaint in the Superior Court of the State of California in Los Angeles County, further availing herself of California's judicial resources and indicating her intent to remain in California. (*See generally*, Compl., Ex. A to de Leon Decl.)

16.     As demonstrated herein these several facts evidence that Ms. Richardson is a California citizen for diversity jurisdiction purposes. *See Lok Lau v. Silva*, No. CIVS042351WBSPANPS, 2005 WL 8176598, at *2 (E.D. Cal. Aug. 31, 2005) ("Domicile and citizenship are synonymous for diversity purposes").

17.     **<u>Walmart is not a citizen of the State of California.</u>** "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

18.     Walmart is incorporated in the State of Delaware. *See* de Leon Decl., ¶

5

4, Ex. H. Walmart's headquarters and principal place of business are in the State of Arkansas. *Id.*

19.    Accordingly, as a corporation Walmart, based on its filings with the California Secretary of State, is a citizen of the following states: Delaware and Arkansas. For purposes of diversity jurisdiction, Walmart is not a citizen of the State of California. 28 U.S.C. § 1332(c)(1).

20.    Because Ms. Richardson is a citizen of California and Defendant is a citizen of Delaware and Arkansas, complete diversity exists between the parties.

**B.**    **Requirement No. 2:  The Amount in Controversy Exceeds $75,000.**

21.    While Walmart denies any liability to Ms. Richardson whatsoever, Walmart asserts, based on plausible allegations in the Complaint, Ms. Richardson's prayer for relief, and calculations predicated on readily available evidence, the amount in controversy at issue here exceeds $75,000. *See, e.g.*, *Academy of Country Music v. Continental Casualty Company*, 991 F.3d at 1068. As conservatively estimated, and as alleged by Ms. Richardson, those potential damages exceed $300,0000.

22.    "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the Plaintiff's on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does a Defendant need to provide summary judgment-type evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. at 88; *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d at 1068; *Cagle*, 2014 WL 651923, at *7.

NOTICE OF REMOVAL BY DEFENDNAT

23. In *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976 (9th Cir. 2005), the court determined that a plaintiff's specific categories of recoverable damages adequately supported the basis for the amount in controversy. *Kroske*, 432 F. 3d at 980. There, the *Kroske* plaintiff claimed unspecified damages spread over various categories namely: "lost wages, benefits including but not limited to health and mental insurance, 401(k) contributions, value of life insurance policies, stock options, and emotional distress damages, as well as attorney's fees and costs." *Id*.

24. **Economic Damages.** Ms. Richardson's Complaint seeks recovery for "substantial losses of earnings and other employment benefits." Compl. ¶¶ 23, 31, 38, 46, 54, 62, 69, 73, 76 and 92.

25. ***Back Pay/Loss of Past Earnings***. Ms. Richardson's employment was terminated on September 28, 2021. At the time of termination, Ms. Richardson earned an hourly rate of $25.10 per hour and worked approximately 10.46 hours per week.

26. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages. *Fritsch v. Swift Transportation*, 899 F. 3d 785, 791 (9th Cir. 2018). At $262.63 per pay period, from the date of separation to the time of removal (approximately 54 pay periods), the estimated amount of back pay is **$14,182.02**.[2]

27. ***Lost Benefits***. As taught by the *Koske* court, economic damages also include the value of lost benefits. *See Kroske*, 432 F. 3d at 980. At this stage of the case, while a calculation of the value of benefits is not currently ascertainable, in addition to offering competitive pay, eligible associates may receive access to

[2] Ms. Richardson also seeks to recover future wages – as such, her future wages should also be considered by the Court in calculating the amount in controversy. *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (the plaintiff ... could potentially recover 13 years of lost wages); *see also James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4, n.1 (E.D. Cal. June 1, 2007). Although Walmart denies such relief would be appropriate, even one year of front pay would equal an additional $6,828.38.

NOTICE OF REMOVAL BY DEFENDNAT

healthcare insurance plans, a six (6%) percent 401(k) match, including hourly employees, after one-year's tenure, access to an associate stock purchase plan, participation in a Roth IRA plan, and a ten (10%) percent purchase discount on regularly priced general merchandise, which includes fresh fruits and vegetables. *See* https://corporate.walmart.com/about/working-at-walmart.

28. ***Emotional Distress***. Ms. Richardson also alleges emotional distress damages. Compl. ¶¶ 24, 32, 39, 47, 55, 63, 79, 86, and 93. While she does not state a specific amount of damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional distress should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).

29. Indeed, district courts for the Central District of California have recognized that for purposes of establishing the amount in controversy, a "defendant need not conduct discovery to ascertain a plaintiff's potential emotional distress damages; it can instead introduce evidence of jury verdicts in other cases." *Ponce v. Med. Eyeglass Ctr., Inc.*, 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015); *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) ("To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases."). Juries have awarded at least $50,000 to $55,000 in emotional distress damages in other single employee actions presenting claims for discrimination, harassment, retaliation, and failure to prevent discrimination and/or retaliation. *See Guzman v. NBA Automotive, Inc. d/b/a Hooman Chevrolet of Culver City*, JVR No. 1909300049, 2019 WL 4745076 (Cal. Super.) (awarding $50,000 in compensatory pain and suffering to employee who was terminated after returning to work from a leave of absence and being unable to return full time due to her medical conditions); *Escoto v. Metric Machining*, JVR No. 1407300036, 2013 WL 9554716 (Cal. Super.) (awarding $55,000 in compensatory

pain and suffering to employee who was terminated after advising employer of her fibromyalgia and hypertension diagnoses); *Saldana v. Home View Design, Inc.*, JVR No. 810272, 2008 WL 7602715 (Cal. Super.) (awarding $55,000 in pain and suffering to former warehouse worker who was denied accommodations related to lower back injuries and terminated after making complaints of discrimination); *Ko v. The Square Grp. L.L.C. D/B/A The Square Supermarket*, JVR No. 1503030036, 2014 WL 8108413 (Cal. Super. June 16, 2014) (awarding $125,000 in emotional distress damages where the defendant terminated the plaintiff after she missed work due to a kidney infection); *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Sup. Ct. Cal. Jan. 14, 2008) (discrimination case resulting in $200,000 non-economic damages award). *See* de Leon Decl., Exh. I-M.

30. **Attorneys' Fees.** Ms. Richardson is also seeking to recover attorneys' fees and costs. Compl. ¶ 18, 25, 33, 40, 48, 56, 64, 82, 89, and Prayer ¶ 4. It is well-settled that when authorized by statute, attorneys' fees, including future attorneys' fees at stake in the litigation through its conclusion, are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Fritsch v. Swift Transportation*, 889 F. 3d at 794 ("if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation," and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy"). *See also Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by the plaintiff if he were to prevail).

31. While Ms. Richardson's attorneys' fees cannot be precisely calculated

NOTICE OF REMOVAL BY DEFENDNAT

from the face of the Complaint, it is reasonable to assume that the attorneys' fees Ms. Richardson could incur in this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1035 (C.D. Cal. 2002). Other trial court decisions reveal estimates for the number of hours expended through trial for single-plaintiff employment cases have ranged from 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *12 (C.D. Cal. March 3, 2015) (citations omitted).

32.    Moreover, federal courts in California have held that a reasonable rate for employment cases is $300 per hour. *E.g.*, *Sasso,* 2015 WL 898468, at *12 (C.D. Cal. March 3, 2015) (citations omitted). Taking the conservative estimate of 300 hours, the total amount of fees (at an hourly rate of $300) is approximately, and, at a minimum without even going to trial, $90,000.

33.    **Punitive Damages.** Ms. Richardson also seeks to recover punitive damages. Compl. ¶¶ 17, 26, 34, 41, 49, 57, 65, 81, 88, and 94.

34.    The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F. Supp. 2d at 1009. California law does not provide any specific monetary limit on punitive damages under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

35.    Walmart denies that Ms. Richardson's claims have any merit. Walmart also denies that Ms. Richardson suffered any damages. However, when the relief sought (*i.e.*, back pay, front pay, emotional distress, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Ms. Richardson's claims

NOTICE OF REMOVAL BY DEFENDNAT

exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

36.     Ms. Richardson also seeks open-ended relief as "other and further relief as the Court may deem just and proper" Compl. ¶ # Prayer ¶ 7. Although uncertain in amount, this additional damage claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932–34 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that she did not assert a claim in excess of $75,000).

37.     **Requirement 2 - Amount in Controversy - Satisfied**. At minimum, as of the time of removal, even based on Walmart's conservative estimates, more than $75,000 is at issue, when the value of the potential economic damages non-economic damages, punitive damages, attorneys' fees, court costs, front pay, and lost benefits sought by Ms. Richardson are factored into the equation. *See* Compl., ¶¶ 17, 26, 34, 41, 49, 57, 65, 81, 88 and 94. Thus, both requirements of removal are satisfied by plausible allegations. For these many reasons, this Court has original jurisdiction over the claims asserted by Ms. Richardson in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## IV.   CONCLUSION

Walmart has indeed demonstrated substantial, objective facts in pleading admissions, publicly available information sources and those of its own records to support the conclusion that diversity jurisdiction exists here. The State Court Action is a case where the amount in controversy exceeds the statutory jurisdictional minimum amount where the amount in controversy is conservatively estimated that if successful, could be in excess of $300,000.00. The State Court Action is also a case involving diverse citizens of different states, namely California and Delaware.

**WHEREFORE**, Walmart prays that the Court remove this civil action to the United

States District Court for the Central District of California.

DATED: October 27, 2023

**CONSTANGY BROOKS, SMITH & PROPHETE, LLP**

Lara C. de Leon

*Attorneys for Defendant*
WAL-MART ASSOCIATES, INC.

NOTICE OF REMOVAL BY DEFENDNAT